ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona
Jonathan B. Granoff
Assistant United States Attorney
United States Courthouse
405 W. Congress, Suite 4800
Tucson, Arizona  85701
Telephone:  (520) 620-7300
Jonathan.Granoff@usdoj.gov
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>                    Plaintiff,<br><br>          v.<br><br>Chris Nero,<br><br>                    Defendant. | NO. CR 08-0744-TUC-CKJ (JCG)<br><br>**Government's Response to Defendant's Motions Filed on or about October 3 and October 4, 2011** |

The government, by and through its attorneys, Ann Birmingham Scheel, Acting United States Attorney for the District of Arizona, and Jonathan B. Granoff, Assistant U.S. Attorney, hereby files its response to the defendant's recently filed motions, document numbers 366-381 and 385-386.  In support thereof, the following is stated.

Most of the defendant's motions filed with this court on October 3 - 4, 2011 are frivolous and should be denied.  In doc. # 366, the defendant challenges the government's request to subpoena his recorded phone calls.  The defendant also raises various other issues most of which have already been addressed by this court on September 23, 2011 and October 4, 2011.  *See* doc. #'s 361 and #382.  Because this court has already addressed these issues, this motion doc. #366, should be denied.  To the extent the defendant raises any other issues in this motion, the allegations are frivolous and should also be rejected by this court.

In doc. # 367, defendant requests "any evidence that prosecution may possess that states defendant is a 14th amendment citizen be presentea." *See* doc. # 367. This request is irrelevant to any of the disputed issues concerning restitution and should be rejected.

In doc. #368, #369, and #385 the defendant filed a "motion for judicial prejudicial misconduct" and again raises various allegations relating to his motion to withdraw plea agreement. These motions should be denied. Defendant alleges that the court made improper comments during the sentencing hearing. However, the record does not support this claim. To the extent the defendant's motion (doc.#368) challenges the court's jurisdiction, this court has previously addressed this issue. *See* doc. #361. To the extent the defendant is raising additional allegations to supplement his previously filed motion to withdraw guilty plea (doc. #359), the defendant's arguments should be rejected for similar reasons stated in the government's response filed on September 26, 2011 (doc. #363).

In doc.#370, the defendant filed a motion for prosecutorial misconduct. This allegation is without merit and should be rejected. In this motion, the defendant raises similar issues he has previously addressed with the court in doc. #348, "Motion to Court." The court addresses most of these claims in its order. To the extent the defendant raises any new issues in this motion, his claims should be rejected because they are irrelevant to the restitution hearing.

In doc. #371, the defendant requests "for FDIC to present certified charges and certified codes that are bonded." *See* doc. #371. He further claims that FDIC is a "fiction." These claims along with any other allegations he raises in this motion are irrelevant to the issue of the restitution hearing and should be denied.

In doc. # 372, the defendant appears to request an exception to the rules that ordinarily apply to attorneys in court because the defendant is a *pro se* litigant. This claim should be rejected. Our Appellate Court has provided suggested language to conduct a *Faretta* hearing. *See United States v. Erskine*, 355 F.3d 1161, 1168 (9th Cir. 2004) (*citing*, United *States v.*

*Hayes*, 231 F.3d 1132, 1138-1139 (9th Cir. 2000)). This language explicitly instructs potential *pro se* defendants that they must "abide by the same rules in court as lawyers do." *Id.*

In doc. #373, defendant requests that the plea agreement be amended to reflect his "full legal name." This motion should be denied because it is irrelevant. However, if the defendant's true legal name is actually Chris M. Nero, than the government has no objection to correcting the caption of this case to the defendant's true legal name.

In doc. #374, the defendant requests that the court independently address each of the defendant's motions. The government has no objection to this request. However, each of his other motions should be denied.

In doc. #375, #376, #380 and #381 the defendant renews his request to challenge the subject matter jurisdiction of this court. He also asserts other baseless and irrelevant allegations in these motions. These motions are without merit and should be denied. Additionally, to the extent the defendant challenges the subject matter jurisdiction of the court, this court has previously addressed this claim. *See* doc. #361.

In doc. #377, the defendant filed a "Motion For Legal Counselors Personal Helpers For Defendant." Reading the body of this motion, it is unclear what the defendant is actually requesting. If the defendant is requesting that the court appoint him unlicensed "legal helpers," this request should be denied. The defendant has failed to provide any authority for the court to authorize unlicensed "lawyers" to assist the defendant in this case.

In doc. #378, the defendant requests that the court appoint the defendant his own independent court reporter for this case. This request should be denied. The defendant has failed to provide any authority for this request. Further, the defendant has not demonstrated that the transcripts relating to these proceedings have been inaccurate.

In doc. #379, the defendant claims that the court ordered the government to produce all of its files. This statement is false. *See* doc. # 361. The defendant also alleges that the

government has not provided a list of witnesses for the restitution hearing. This claim is also false. The government filed its witness list on September 12, 2011. A copy of this document was provided to the defendant.

In doc. # 386, the defendant requests to subpoena various witnesses for the restitution hearing. The defendant states that these witnesses "are needed for defendant to prove the facts for his defense." The defendant has not stated for what purpose he intends to elicit the testimony of these witnesses for the restitution hearing. If the defendant intends to subpoena these witnesses to address the merits of the underlying mortgage fraud, such testimony would not be relevant to the issue of restitution.[1] The defendant should provide a proffer of the expected testimony of these witnesses relating to the disputed issue that concerns the amount of restitution to be determined by the court.

Respectfully submitted this   12th  day of October, 2011.

ANN BIRMINGHAM SCHEEL
Acting United States Attorney
District of Arizona

*s/Jonathan B. Granoff*

Jonathan B. Granoff
Assistant U.S. Attorney

---

[1] The defendant indicates that he desires to subpoena Lance Dickson. Lance Dickson reimbursed Nova for some its losses relating to this case. The government brings this to the court's attention to the extent such information would be considered relevant to the disputed amounts of restitution relating to Nova.

4

1 | A copy of the foregoing has been served electronically or by other means this ___12th__ day of _October, 2011_, to:
2
3 | Chris Nero, at F.C.I., Tucson.
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26