**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>   )<br>   Plaintiff, )<br>   )<br>vs. )<br>   )<br>CHRIS NERO, )<br>   )<br>   Defendant. )<br>_____ ) | No. CR 08-744-TUC-CKJ<br><br>**ORDER** |

Pending before the Court is Defendant's Motion for Release on Bond Pending Appeal (Doc. 443). The government has filed a response and Defendant has filed a reply.

Defendant Chris Nero ("Nero") requests this Court to allow him to remain out of custody pending appeal. The applicable statute provides, *inter alia*:

>(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal . . . be detained, unless the judicial officer finds –
>
>>(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>>
>>(B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in --
>>
>>>(i) reversal,
>>>
>>>(ii) an order for a new trial,
>>>
>>>(iii) a sentence that does not include a term of imprisonment, or
>>>
>>>(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

1  18 U.S.C. § 3143(b).

2  "Although danger to the community and flight risk are threshold factors under § 3143(b)(1)(A), in that context the court considers only whether the defendant has proved by clear and convincing evidence that he is 'not likely' to flee or pose a danger to others." *United States v. Garcia*, 340 F.3d 1013, 1021 n. 6 (9th Cir. 2003); *United States v. Wheeler*, 795 F.2d 839 (9th Cir. 1986) (appellant/defendant has burden of showing he is not a flight risk or a danger to any person or the community).  In his motion, Nero conclusorily asserts the record establishes by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of any other person or the community if released pending appeal.  In his reply Nero points out that he appeared for sentencing under more dire potential circumstances than he faces now because he has already served a portion of his sentence and he believes he will succeed on appeal.  While Nero acknowledges that his telephone communications while incarcerated may show that he intends to leave the United States once this case is over, the communications do not indicate that Nero will flee if released on bond.  However, Nero is now aware of the length of his incarceration and the amount of restitution owed.  The Court finds Nero has not failed to show by clear and convincing evidence that he is not likely to flee if released.

Nero also asserts that he is not a danger to the safety of any other person or the community if released.  Specifically, Nero asserts that the excerpts of transcripts of recorded telephone calls made after Nero was sentenced to prison show that he has never indicated an intent to physically harm anyone.  However, the excerpts include statements that Nero will "liquidate" the "sons of bitches that put [Nero] behind prison for no reason[,]" when he gets out "everybody better stand down because [Nero has] so much fuck' fire inside of [him], it is going to be fuckin' forest fire and there aint's a damn fuckin' thing anybody can do to stop [him,]" when Nero gets out of prison he will "fuck over a lot of people[,]" and he is coming back with vengeance. Response, Ex. 1.  These statements, when viewed in light of Nero's history (e.g., conviction for drug trafficking offense in which Nero carried a loaded firearm,

- 2 -

1 conviction for Furnishing Obscene or Harmful Items to a Minor, DUI convictions, and
2 allegations of domestic abuse and armed robbery), establishes by clear and convincing
3 evidence that Nero is likely to pose a danger to the safety of any other person or the
4 community if released.

5 The Court finds Nero's appeal is brought in good faith and not for the purpose of
6 delay.

7 Even if clear and convincing evidence had established that Nero is not likely to flee
8 or pose a danger to the safety of any other person or the community if released, the Court
9 finds release pending appeal is not appropriate. As previously stated, the appeal must raise
10 a substantial question of law or fact likely to result in a reversal (or other favorable result as
11 set forth in the statute). A "substantial question" is one that is fairly debatable or fairly
12 doubtful. It is a question of more substance than would be necessary to a finding it was not
13 frivolous. *Garcia*, 340 F.3d 1013 (9th Cir. 2003); *United States v. Montoya*, 908 F.2d 450
14 (9th Cir. 1990).[1] The type of question that must be presented is one that is "likely to result
15 in a reversal ...." *United States v. Handy*, 761 F.2d 1279, 1280 (9th Cir. 1985). This second
16 part of the inquiry "concerns only the *type of question* that meets the requirement; it does not
17 involve assessing the likelihood that a reversal will occur in the particular case." *Garcia*, 340
18 F.3d at 1020, n. 5, *citing Handy*, 761 F.3d at 1280. In other words, under this part of the
19 inquiry, a defendant need only present "a non-frivolous issue that, if decided in the

---

21 [1]While a defendant does not need to demonstrate at the outset of the appellate
22 proceedings that the appeal will probably result in a reversal, a defendant must argue that the
"'chance for reversal is substantial.'" *Handy*. 761 F.2d at 1280, *quoting* S.Rep. No. 98–225,
23 98th Cong., 2d Sess. 27 reprinted in 1984 U.S.Code Cong. & Ad. News 3182, 3210. The *Handy*
court also stated: "The question may be 'substantial' even though the judge or justice hearing
24 the application for bail would affirm on the merits of the appeal. The question may be new and
novel. It may present unique facts not plainly covered by the controlling precedents. It may
25 involve important questions concerning the scope and meaning of decisions of the Supreme
26 Court. The application of well-settled principles to the facts of the instant case may raise issues
that are fairly debatable." *Id*. at 1281, *quoting D'Aquino v. United States*, 180 F.2d 271, 272
27 (11th Cir.1950).

28

1  defendant's favor, would likely result in reversal or could satisfy one of the other four
2  conditions." *Id*.

3       The Court concludes that Nero's appeal does not raise a "substantial question of law
4  or fact" because he has not raised an issue that is "fairly debatable" or "fairly doubtful." *See*
5  *Handy*, 761 F.3d at 1283; 18 U.S.C. § 3143(b)(1).  The essence of Nero's appeal is that
6  counsel was ineffective and that the Court erred in denying his motion to withdraw his guilty
7  plea.  However, challenging a conviction based on ineffective assistance of counsel by way
8  of a habeas corpus petition is the preferred method because it permits a defendant to develop
9  the record.  *See United States v. Laughlin*, 933 F.2d 786, 788-89 (9th Cir. 1991).[2]
10 Furthermore, Nero filed his motions to withdraw his guilty plea after he had been sentenced.
11 Nero's reliance on *United States v. Kapelushnik*, 306 F.3d 1090, 1093-94 (11th Cir. 2002),
12 for his assertion that this Court retained jurisdiction until the issuance of the final restitution
13 order fails to recognize the Ninth Circuit authority that indicates this Court lacked
14 jurisdiction.  *See United States v. Baker*, 790 F.2d 1437, 1438 (9th Cir. 1986); *see also*
15 *United States v. Dolan*, 130 S.Ct. 2533 (2010) (a "sentence that imposes an order of
16 restitution is a final judgment" notwithstanding the fact the order may be subsequently
17 changed).

18      Accordingly, IT IS ORDERED Nero's Motion for Release on Bond Pending
19 Appeal (Doc. 443) is DENIED.

20      DATED this 9th day of August, 2012.

_____
Cindy K. Jorgenson
United States District Judge

---

[2] Additionally, the Court notes that Nero's written plea agreement and in-court discussions appear to refute Nero's claims of ineffective assistance of counsel.

- 4 -